The defense was that the bond had been originally given for $7.50, and had afterwards been altered by a stranger to the sum of $12.50. This was denied by the plaintiff, and he also contended that if the bond had been so altered he had a right to recover the sum for which it was originally given.
His Honor, Judge Bailey, at Sampson on the last fall circuit, thinking that the alteration of a bond by a stranger in a material part avoided it, so instructed the jury, who returned a verdict for the defendant, and the plaintiff appealed.
The plaintiff brought this warrant against the defendant "to answer a plea of debt of $12.50 and interest, due by note." The defendant pleaded "non est factum." On the trial of the issue it was proved that the defendant executed to the plaintiff a bond for $7.50, which bond it was alleged had been altered by a stranger from $7.50 to the sum of $12.50. The plaintiff's counsel requested the court to instruct the jury that if they were satisfied that the fact was so, to find a verdict for $7.50 and interest. The court refused so to charge, but told the jury (56) that an alteration of a deed or bond by a stranger in a material part destroyed the whole validity of the instrument, and that the jury were not at liberty to render a verdict for the true amount, however clearly it might be shown.
The defendant's plea denied that he executed the bond of $12.50 as described in the warrant. The plaintiff replied that he did, and upon this issue the parties went to trial. The plaintiff, having warranted upon a bond for $12.50, cannot sustain the affirmative side of the issue by showing that the defendant had executed to him a bond for $7.50, even if the latter bond had never been altered. His probata did not correspond with his allegata. The evidence, in fact, was inadmissible to support the plaintiff's side of the issue. But if the plaintiff had *Page 45 
warranted upon a bond for $7.50, alleged to have been destroyed byaccident, as an excuse for not making profert, his evidence then would have been proper. Powers v. Wave, 2 Pick. Rep., 458. The alteration of a deed or bond in a material part by a stranger does not destroy any vested rights; it only changes the mode of proof of the contents of the bond. Chitty's Gen. Pract., 304; Byles on Bills, 173. But the plaintiff did not so warrant and he is not in this warrant and pleadings entitled to recover the sum of $7.50 proved to be due on a bond executed for a different sum than that bond described in the warrant.
PER CURIAM. Judgment affirmed.
Cited: Smith v. Eason, 49 N.C. 38; Darwin v. Rippey, 63 N.C. 319;Wilson v. Derr, 69 N.C. 139.